The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John Hedrick and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner. The Full Commission affirms the Opinion and Award of the Deputy Commissioner with slight modifications and enters the following Opinion and Award.
 ***********
The Opinion and Award filed in this claim on 5 February 1997 is hereby incorporated by reference. In addition, the undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as
 STIPULATIONS
1. A set of seven exhibits attached to the parties' Pre-Trial Agreement, including Industrial Commission forms and plaintiff's medical records are admitted into evidence.
2. The transcript of the deposition of Dr. Andrea A. Stutesman, taken on 13 December 1995, marked as Stipulated Exhibit Number Two, is admitted into evidence.
 ***********
Based upon the entire evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was fifty-two years old.
2. Plaintiff was last capable of earning wages on 28 September 1994, when she last worked for defendant as a teacher's aid. Although she attempted to return to work for a nursing home business owned by a relative, her attempt to return to work was unsuccessful and she did not regain the ability to earn wages.
3. Plaintiff last received compensation pursuant to an Award of the Commission on 12 March 1997. On 12 February 1999, plaintiff filed a motion pursuant to G.S. § 97-47 for change of condition. Plaintiff's motion was filed within two years of the last payment of compensation pursuant to an Award of the Commission.
4. Since her injury on 9 February 1994, plaintiff has experienced pain in her lower back and neck. On 2 March 1994, plaintiff was experiencing pain in her low back and right leg. On 25 April 1994, plaintiff was experiencing pain in her left hip, right leg, and right arm. As of 11 May 1994, plaintiff was experiencing difficulty sleeping. On 18 July 1994, plaintiff was experiencing neck pain. She continued to experience back pain through 10 February 1997 when she was admitted on an emergency basis to Grace Hospital for back pain. In April 1997, plaintiff's low back pain persisted. She also had pain in her lower extremities. Throughout this time, plaintiff had no neurological abnormality. Objective tests performed to determine a neurological cause for her symptoms were negative. Again in September 1997, plaintiff continued to have pain in her lower extremities. During the fall and winter of 1997, plaintiff began reporting pain and swelling in her lower extremities. Plaintiff continued to experience this myriad of symptoms through the date of the hearing before the Deputy Commissioner.
5. Doctor of Chiropractic Medicine Paula Reynolds, D.C. began treating plaintiff in 1997. Eventually, Dr. Reynolds diagnosed plaintiff's diffuse body pains as being caused by fibromyalgia.
6. Plaintiff has fibromyalgia. Fibromyalgia is a chronic muscular pain syndrome of unknown cause.
7. Dr. Payne testified that plaintiff's 9 February 1995 injury "could have aggravated her fibromyalgia." However, on cross-examination he testified, "we really don't know what causes it to begin. And the statement I made about it being related to Ms. Hildebrand's injury was not really causative. It was more in it possibly worsening her symptoms if she had fibromyalgia beforehand. And I'm not sure if she had fibromyalgia beforehand." Dr. Payne did not testify that plaintiff's fibromyalgia constituted a substantial worsening of a condition that was caused by her 9 February 1995 injury. Moreover, at the time that he evaluated plaintiff on 2 February 1998, he could not attribute the origination of plaintiff's fibromyalgia to her 9 February 1995 injury.
8. Dr. Carlton examined plaintiff on 11 October 1999. After examining plaintiff, Dr. Carlton stated, "it is possible that her fall triggered her fibromyalgia, although the exact etiology of fibromyalgia remains unknown."
9. Dr. Reynolds testified that plaintiff's injury on 9 February 1995 could have caused or aggravated plaintiff's fibromyalgia; however, more weight is given to the testimony of Dr. Payne than is given to that of Dr. Reynolds. Dr. Payne is of the opinion that plaintiff's work-related injury could have aggravated a pre-existing condition of fibromyalgia but Dr. Payne could not give the opinion that plaintiff had fibromyalgia prior to her 9 February 1995 injury. Dr. Payne also could not causally relate plaintiff's fibromyalgia to her 9 February 1995 injury.
10. The symptoms plaintiff experienced from the date of her injury through the date of the hearing before the Deputy Commissioner did not substantially worsen. Plaintiff has not sustained a diminution of her earning capacity.
11. Plaintiff's physical incapacity and incapacity to earn wages were of the same kind and character as her incapacity at the time of the previous awards in this claim.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has not sustained a substantial change of her physical condition negatively affecting her earning capacity. G.S. § 97-47.
2. Plaintiff is entitled to no additional disability compensation under the North Carolina Workers' Compensation Act.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs, except that defendant shall pay expert witness fees of $195.00, $175.00 and $100.00 to Dr. Payne, Dr. Smith and Dr. Reynolds, respectively.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER